**In re Thomas S. HEIDKAMP, Debtor.**

**No. 9:04–bk–22830–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Aug. 3, 2005.

See also 2005 WL 3436772.

712

Richard J. Hollander, Miller & Hollander, Naples, FL, for Thomas S. Heidkamp.

## ORDER ON DEBTOR'S AMENDED OBJECTION TO CLAIM # 33 OF FLORIDA GULF BANK

**(Doc. No. 88)**

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS CAUSE came on for hearing to consider the Amended Objection to Claim No. 33 of Florida Gulf Bank (the Bank), filed by Thomas S. Heidkamp (the Debtor), on May 13, 2005. The Claim under consideration was filed by the Bank as a secured claim in the amount of $134,917.94. In the Objection the Debtor contends: (1) the Debtor pledged certain stock as additional collateral securing the debt underlying the claim at issue and that the Bank liquidated the stock but has failed to apply the proceeds to the debt; and (2) the Bank's attorneys' fees charged appear to be excessive.

On June 6, 2005, the Claimant filed its Response to Debtor's Objection to Claim No. 33 of Florida Gulf Bank. (Doc. No. 134). In their Response, the Claimant de-

nies it liquidated any additional collateral. Claimant further claims that all fees and charges are fair and reasonable.

■ The Court heard argument of counsel, considered the exhibits offered by the Debtor and is satisfied that the Bank did liquidate the stock pledged as additional collateral. Admitted into evidence was a collateral receipt, reflecting the receipt of 200 shares of Intel and 125 shares of Pfizer by Florida Gulf Bank from Thomas S. Heidkamp. (Debtor's Exhibit No. 1). Also admitted into evidence were two brokerage account transaction confirmations. (Debtor's Exhibit No. 2). The first reflects the sale of 125 shares of Pfizer Incorporated, traded on June 18, 2004 and settled on June 23, 2004, for a net amount of $4,360.39. *Id.* The second reflects the sale of 200 shares of Intel Corporation, traded on June 18, 2004 and settled on June 23, 2004, for a net amount of $5,431.77. *Id.* Also admitted into evidence is a statement of the balance owing on the debt reflecting a wired payment to principal of $9,777.16, which reflects the proceeds of the sale of the stock, less $15 for a wire fee. *Id.*

This Court is satisfied that the stock was pledged by the Debtor as additional collateral securing the loan, and was liquidated by the Bank. The principal balance of the loan, and the Bank's secured claim should reflect the payment. Based on the foregoing this Court is satisfied that the Debtor's Objection regarding the stock pledged as additional collateral is sustained.

■ However, in addition to principal, the Claim also includes $6,110.17 of attorneys' fees charged by Henderson, Franklin, Starnes & Holt, P.A., which the Bank includes as part of its secured claim. Although the attachment to the Bank's Proof of Claim showed $4,742.17 of attorneys' fees, the records admitted into evidence at

the hearing reflect that fees totaling $6,110.17 were incurred over approximately a one year period. (Debtor's Exhibit No. 3). This Court carefully reviewed the detailed submissions supporting the fees sought, and is satisfied that a significant amount of the time was spent reviewing documents in the Chapter 13 case. The legal services necessary to protect the Bank's oversecured claim were not to monitor various matters in the case, an exercise which served no purpose to the Bank, but to monitor the collateral and see that the claim was properly filed, a routine transaction that required little research. Based on the foregoing, this Court is satisfied that the Bank's attorneys' fees are excessive, and are allowed as part of the secured claim in the reduced amount of $5,193.65. The Debtor's Objection regarding the attorneys' fees is sustained.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Objection to Claim # 33 of Florida Gulf Bank (Doc. No. 88) be, and the same is hereby, sustained as to the stock proceeds and sustained as to the attorneys' fees. It is further

ORDERED, ADJUDGED AND DECREED that Claim # 33 of Florida Gulf Bank be, and the same is hereby, allowed in a reduced amount to reflect a $9,777.16 credit against principal of the proceeds from the stock offered as collateral and liquidated. It is further

ORDERED, ADJUDGED AND DECREED that Claim # 33 of Florida Gulf Bank be, and the same is hereby, allowed to include $5,193.65 in attorneys' fees.

DONE AND ORDERED at Tampa, Florida, on _____.